## GOODHUE *v.* KING.

(*Supreme Court of California.  Chicago Legal News.*)

BANKRUPTCY PROCEEDINGS DO NOT, IPSO FACTO, AFFECT PROCEEDINGS IN STATE COURT.  A judgment cannot be attacked collaterally by showing proceedings in bankruptcy.  So, where a bond was given by a defendant in attachment, and the attachment suit proceeded to judgment, the sureties cannot, in a suit against them upon such bond, plead that the principal was adjudicated a bankrupt prior to the rendition of judgment in the attachment.

MYRICK, J.   On March 23, 1878, plaintiff commenced an action against one Rice to recover $390.32 upon a promissory note, with interest and costs.  On the same day an attachment was issued.   March 25, 1878, Rice and the defendants, King and Mitchell, gave a bond for the payment of any judgment which plaintiff might recover, and no property was seized under the attachment.   Rice made no defense to the action, and on the 1st of June, 1878, plaintiff recovered judgment against Rice for $407, and $26.99 costs.

This action is upon the bond executed by Rice and the defendants.   The defendants here set up the following as a defense and bar to the action:   Before the recovery of the judgment, to wit: May 4, 1878, Rice filed his petition in bankruptcy in the United States District Court, and was by that court adjudged a bankrupt. In due course he executed an assignment of his property, and on the 16th of November, 1878, filed his petition for discharge, which is still pending.

The court below gave judgment for the defendants.   This was an error.   Rice did not plead, in the suit against him, the pendency of the bankruptcy proceedings.   It does not appear but that the plaintiff obtained leave of the United States district court to prosecute his suit to judgment, to the end that he might avail himself of his security.   The bond was not a forthcoming bond, but was a bond to pay any judgment that plaintiff might recover.   He has recovered a judgment.

The proceedings in bankruptcy did not *ipso facto* affect the jurisdiction of the fourteenth district court; therefore, its judgment cannot be collaterally attacked.

The cases cited by respondent, 100 Mass., 452, and 59 N. Y., 233, are not in point.

Judgment reversed, and cause remanded.